UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| USA, <br><br>          Plaintiff, <br><br>   v. <br><br>SWARTZ, <br><br>          Defendant. | Case No. 15-cr-00351-MEJ-1 (WHO) <br><br>**ORDER REGARDING APPEAL FROM CONVICTION BY MAGISTRATE JUDGE AND GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS** <br><br>Re: Dkt. Nos. 7, 27 |
|---|---|

Following an approximately 30-minute bench trial on July 14, 2015 before the Hon. Maria-Elena James, defendant Jesse Swartz was found guilty of one count of violating 41 C.F.R. § 102-74.385 for disobeying a lawful order. Dkt. Nos. 3, 16, 20. Swartz filed a premature notice of appeal the same day as the bench trial and a second notice of appeal on August 26, 2015. Dkt. Nos. 6, 27. The appeal was assigned to me.

On September 8, 2015, Swartz filed a "Notice of Request; Request to Order Transcript Pursuant to FRAP 10(b), Paid by U.S. or Waive Fees if Necessary," and a "Motion to Request Specificity of Process Re: Appeal to District Judge; Motion to Remedy Logistical Difficulty." Dkt. Nos. 28, 29. In the "Notice of Request," Swartz moves under Federal Rule of Appellate Procedure 10(b) for the Court to "order and supply a full transcript of all proceedings in this . . . matter for review on appeal." Dkt. No. 28. In the "Motion to Request Specificity of Process," Swartz asks various questions about the appellate process and requests an order enabling him to "stay in 1931 Center St., Berkeley, with an accompanying order for free copying, scanning, PC usage, printing, and bus fare to travel to/from San Francisco." Dkt. No. 29.

Federal Rule of Criminal Procedure 58(g)(2) and Criminal Local Rule 58-2 set out the basic procedural rules governing Swartz's appeal. Rule 58(g)(2) provides as follows:

> (A) Interlocutory Appeal. Either party may appeal an order of a magistrate judge to a district judge within 14 days of its entry if a district judge's order could similarly be appealed. The party appealing must file a notice with the clerk specifying the order being appealed and must serve a copy on the adverse party.
>
> (B) Appeal from a Conviction or Sentence. A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district

> judge within 14 days of its entry. To appeal, the defendant must file a notice with the clerk specifying the judgment being appealed and must serve a copy on an attorney for the government.
>
> (C) Record. The record consists of the original papers and exhibits in the case; any transcript, tape, or other recording of the proceedings; and a certified copy of the docket entries. For purposes of the appeal, a copy of the record of the proceedings must be made available to a defendant who establishes by affidavit an inability to pay or give security for the record. The Director of the Administrative Office of the United States Courts must pay for those copies.
>
> (D) Scope of Appeal. The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge.

Fed. R. Crim. P. 58(g)(2). Criminal Local Rule 58-2, entitled, "Appeal from Conviction by Magistrate Judge," states:

> (a) Assignment to District Judge. When an appeal from a judgment of conviction or sentence by a Magistrate Judge to a District Judge is made pursuant to Fed. R. Crim. P. 58(g)(2), the Clerk shall assign the appeal to a District Judge in the same manner as an indictment or felony information would be assigned.
>
> (b) Record. If a transcript is desired by a party, the party shall order the transcript from the Court reporter in accordance with the procedure prescribed by Fed. R. App. P. 10(b). If the proceedings were recorded by audio tape, the audio tape shall constitute the record of the proceedings. Upon request, the Clerk shall duplicate and provide a copy of the audio tape to the requesting party at the rate provided for in 28 U.S.C. § 1914. No transcript shall be made of an audio tape unless ordered by the assigned District Judge pursuant to motion by the requesting party. The record shall be deemed complete 14 days after the notice of appeal is filed if no transcript is ordered or upon filing of the transcript or upon lodging the audio tape with the assigned District Judge.
>
> (c) Hearing. After the record is complete, the Clerk for the assigned District Judge shall notify the parties of the time set for hearing the appeal. The hearing shall be not more than 90 days after the date of the notice.
>
> (d) Time for Filing and Serving Briefs. The appellant shall serve and file an opening brief not later than 35 days before the date set for the hearing pursuant to Crim. L.R. 58-2(c). The appellee shall serve and file a responsive brief not later than 21 days before the hearing date. The appellant may serve and file a reply not later than 14 days before the hearing date.
>
> (e) Length. Unless the Court expressly orders otherwise pursuant to ex parte request made prior to the due date, the opening and responsive briefs shall not exceed 25 pages and the reply shall not

exceed 10 pages.

Crim. L.R. 58-2.

Having reviewed the audio tape of the bench trial, I find that it provides a more than adequate record, and that no transcript is necessary.  Accordingly, Swartz's request for a transcript is DENIED.  The Clerk shall lodge the audio tape with this Court.  A copy of the audio tape will be ready for pickup by Swartz at any time following issuance of this Order (during standard business hours) in the intake area of the Clerk's Office on the 16th Floor of the Phillip Burton Federal Building in San Francisco.

Swartz's application to proceed in forma pauperis, Dkt. No. 7, is GRANTED.  He is not required to pay the fees associated with initiating this appeal or with obtaining a copy of the audio tape of his bench trial.

Pursuant to Criminal Local Rule 58-2, a hearing on Swartz's appeal is set for November 20, 2015 at 11 a.m. in Courtroom 2, 17th Floor, Phillip Burton Federal Building, San Francisco.  Swartz shall serve and file his opening brief by October 16, 2015.  The government shall serve and file its responsive brief by October 30, 2015.  Swartz shall serve and file his reply brief by November 6, 2015.  "Unless the Court expressly orders otherwise pursuant to ex parte request made prior to the due date, the opening and responsive briefs shall not exceed 25 pages and the reply shall not exceed 10 pages."  Crim. L.R. 58-2.

Swartz's request for an order enabling him to "stay in 1931 Center St., Berkeley, with an accompanying order for free copying, scanning, PC usage, printing, and bus fare to travel to/from San Francisco," Dkt. No. 29, is DENIED.

**IT IS SO ORDERED**.

Dated: September 16, 2015



_____
WILLIAM H. ORRICK
United States District Judge

3