UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>           Plaintiff,<br>   v.<br>SWARTZ,<br>           Defendant. | Case No. 15-cr-00351-MEJ-1   (WHO)<br>**ORDER AFFIRMING CONVICTION BY MAGISTRATE JUDGE**<br>Re: Dkt. No. 35 |
|---|---|

Following an approximately 30-minute bench trial on July 14, 2015 before the Hon. Maria-Elena James, pro se defendant Jesse Swartz was found guilty of one count of violating 41 C.F.R. § 102-74.385 for disobeying a lawful order.[1]  Dkt. Nos. 3, 16, 20.  On August 20, 2015, Magistrate Judge James sentenced Swartz and entered judgment.  Dkt. No. 20.  Pursuant to Federal Rule of Criminal Procedure 58(g)(2) and Criminal Local Rule 58-2, Swartz appealed his conviction.  Dkt. No. 27.  I heard argument from the parties on December 16, 2015.

In an appeal from conviction by magistrate judge, "[t]he defendant is not entitled to a trial de novo by a district judge.  The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  Fed. R. Crim. P. 58(g)(2)(D).  Accordingly, I review decisions regarding legal questions de novo, and any underlying factual findings for clear error.  *See United States v. Fernandez-Castillo*, 324 F.3d 1114, 1117 (9th Cir. 2003); *Quinn v. Robinson*, 783 F.2d 776, 790-91 (9th Cir. 1986).

Swartz makes three arguments in his opening brief: (1) that he was not provided with access to a law library, in violation of the Fourteenth Amendment; (2) that he was denied his right

---

[1] Magistrate Judge James determined before trial that Swartz would not be sentenced to custody and that he was not entitled to appointment of counsel.  *See* Amended Findings of Fact and Conclusions of Law ¶ 45 (Dkt. No. 16).

of confrontation, in violation of the Sixth Amendment; and (3) that he was denied his right to be informed of the nature of the charges against him, in violation of Federal Rule of Criminal Procedure 58(b)(2) and the Sixth Amendment. Dkt. No. 35 at 1-3.[2]

I am unaware of any authority directly addressing the extent to which a pro se, indigent, petty-offense defendant who cannot be sentenced to custody must be affirmatively provided with law library access or other free legal resources. I am satisfied, however, that there was no constitutional violation in this case. In the context of prison law libraries, the Supreme Court has held that the constitution "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). "In other words, prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Id.* The record here confirms that Swartz had access to sufficient legal resources to give him a "reasonably adequate opportunity" to prepare his defense. *Id.* at 355. For example, his own filings indicate that on June 19, 2015 he moved to Berkeley in order to have access a law library on the UC Berkeley campus, Dkt. No. 17 at 3, and at the start of trial on July 14, 2015, Magistrate Judge James offered him "an opportunity to consult with the Federal Public Defender's office prior to trial." Amended Findings of Fact and Conclusions of Law ¶ 10.

Swartz was not denied his right of confrontation. Magistrate Judge James made a factual finding that Swartz voluntarily absented himself from trial. *Id.* ¶ 20. Although the Sixth Amendment guarantees a defendant the right to be present at his trial, that right can be waived.

---

[2] Swartz submitted a declaration and request for judicial notice in conjunction with his opening brief, and another declaration and request for judicial notice in conjunction with his reply brief. *See* Dkt. Nos. 35-37, 41-43. To the extent that these filings are requests to supplement the record beyond the materials set out in Federal Rule of Criminal Procedure 58(g)(2)(C), they are DENIED. *See* Fed. R. Civ. P. 58(g)(2)(C) ("The record consists of the original papers and exhibits in the case; any transcript, tape, or other recording of the proceedings; and a certified copy of the docket entries."). To the extent that the filings merely reference portions of the Rule 58(g)(2)(C) record, they do not materially impact the analysis in this Order.

*See United States v. Houtchens*, 926 F.2d 824, 826-27 (9th Cir. 1991); *see also* Amended Findings of Fact and Conclusions of Law ¶¶ 47, 47 n.3.  Magistrate Judge James did not clearly err in concluding that Swartz waived it here.

    Swartz contends that he was not aware that he had been charged with a misdemeanor as opposed to an infraction, and that as a result his rights under Federal Rule of Criminal Procedure 58(b)(2) and the Sixth Amendment were violated.  Dkt. No. 35 at 2.  The record indicates that Swartz cut off his arraignment by voluntarily leaving the courtroom as he was being advised of his rights, and that he was not prejudiced by any lack of further advisement.  Courts have held that "a technical failure to comply with [arraignment procedures under Federal Rule of Criminal Procedure 10] does not affect a substantial right as long as the accused has sufficient notice of the charges, had adequate opportunity to prepare a defense, and the technical lack of formal arraignment did not prejudice the defendant." *United States v. Riley*, No. 07-cr-00189, 2008 WL 2741121, at *2 (D.N.H. July 10, 2008) (collecting cases).  "What is necessary is that [the] defendant know what he is accused of and be able adequately to defend himself." *United States v. Romero*, 640 F.2d 1014, 1015 (9th Cir. 1981).  Because the record demonstrates that these conditions were satisfied, any lack of advisement is not grounds for reversal.

    Swartz raises several new arguments in his reply brief, but, even assuming that these arguments are properly before the Court, none support the conclusion that Magistrate Judge James erred either factually or legally in her adjudication of this case.  *See* Dkt. No. 35.

    At the hearing, Swartz asked that he be sentenced to jail time in place of the sentence imposed by Magistrate Judge James.  Magistrate Judge James previously denied the same request, *see* Dkt. No. 26.  Any sentence to custody would be unconstitutional. *See, e.g., Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972) ("[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."); *United States v. First*, 731 F.3d 998, 1002 (9th Cir. 2013) ("Under well-established precedent, the Sixth Amendment right to counsel serves as a constitutional minimum in all state and federal criminal proceedings that result in a sentence of actual imprisonment or a suspended sentence of imprisonment.").  Accordingly, the request is

DENIED.

Swartz also referred to a civil action he filed in this district shortly before his trial before Magistrate Judge James, *Wright v. United States Department of Homeland Security*, No. 15-cv-03204-JSW (N.D. Cal. filed Jul. 10, 2015), which he described as bringing counterclaims in connection with the same incident that gave rise to his conviction in this case. The Hon. Jeffrey S. White dismissed the *Wright* action with prejudice on August 31, 2015. *Id.* at Dkt. No. 25. I have reviewed the filings and orders in that case, and while I cannot expand the record on this appeal, even if that was appropriate I see nothing that warrants reversal here.

The judgment of conviction is AFFIRMED.

**IT IS SO ORDERED**.

Dated: December 28, 2015

WILLIAM H. ORRICK
United States District Judge