# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESSE FRANKLIN SWARTZ,<br>Defendant. | Case No. 15-cr-00351-TSH-1<br><br>**ORDER RE: MOTION TO ASSESS SENTENCE COMPLETION**<br>Re: Dkt. No. 75 |

## I. BACKGROUND

Following a bench trial on July 14, 2015 before Magistrate Judge Maria-Elena James, pro se defendant Jesse Franklin Swartz was found guilty of violating 41 C.F.R. § 102-74.385 for disobeying a lawful order. ECF Nos. 3, 16. On August 20, 2015, Magistrate Judge James sentenced Swartz to one year of unsupervised probation and a fine of $500 or completion of 50 hours of community service. ECF No. 20. Prior to trial, Magistrate Judge James determined Swartz would not be sentenced to custody and that he was not entitled to appointment of counsel. *See* Am. Findings of Fact and Conclusions of Law ¶ 45, ECF No. 16.

On August 24, 2015, Swartz filed a request to stay his sentence pending appeal under Federal Rule of Criminal Procedure 38(d). ECF No. 25. Magistrate Judge James granted Swartz's request on August 26, 2015, staying the sentence "pending appeal to the District Court." ECF No. 26. Magistrate Judge James also permitted Swartz to pay the $500 fine by making "minimum monthly payments of $50.00, until the fine is paid in full." *Id.* Swartz filed his appeal to the District Court that same day. ECF No. 27. On December 28, 2015, Judge William H. Orrick affirmed the conviction. ECF No. 46. Swartz subsequently filed a notice of appeal to the Ninth Circuit, without requesting a further stay of his sentence. ECF No. 47. The Ninth Circuit

1 affirmed the conviction on May 25, 2018. ECF No. 71.

2 Swartz now requests the Court issue an order finding he fulfilled the terms of his probation. Mot., ECF No. 75. He also requests the Court consider the 50 hours of community service "rendered via work submitted to the court," with the Court "choosing" any of the following documents written by him:

> (1) General Motors materials as case study (No. 15-17045 (C.A.9) at ECF Docs 21 and 50); (2) *Understanding U.S. Economic Function* (107 hrs., paper located at No. 15-17045 (C.A.9), ECF Doc 23); *Girls are better than Boys* (111 hrs, paper located at No. 15-17045 (C.A.9), ECF Doc 46-1); *In re: County of Santa Clara[…], An Assessment of Core U.S. Interests at Stake* (No. 15-17045 (C.A.9), ECF Doc 39-1); *The Ariba Experience, Reinterpreted* (No. 17-55649 at ECF Doc 62-1 through 62-3); and *Irrationally Errant Women and the Serious Problems They Cause* (No. 17-55649 at ECF Doc 80).

*Id.* at 2-3. Swartz states: "If the court does not accept the work submitted as sufficient for fulfilling his 50 hours of community service, defendant will accept jail time as the court sees fit. No other work will be offered the court for consideration and the fine will not be paid." *Id.* at 3.

As Magistrate Judge James retired on August 31, 2018, the case was reassigned to the undersigned after Swartz filed his motion. ECF No. 76. On October 23, 2018, the Court ordered the government to file any response by November 6, 2018. ECF No. 77.

In its response, the government states it has no independent verification that Swartz completed the community service hours. ECF No. 78 at 3. It also notes Swartz did not request a stay on his probation pending the appeal to the Ninth Circuit and maintains he was therefore on probation while he was appealing his case. *Id.* at 2.

## II. DISCUSSION

### A. Probation

In general, the interpretation of a sentencing order is governed by the sentencing court's intent. *United States v. Freeman*, 922 F.2d 1393, 1395 (9th Cir. 1991); *United States v. Levitt*, 799 F.2d 505, 507 (9th Cir. 1986). There is a strong legal presumption that a sentence commences when issued "only if a court fails to specify a commencement time for probation." *Freeman*, 922 F.2d at 1396; *United States v. Adair*, 681 F.2d 1150, 1151 & n. 3 (9th Cir. 1982).

As Magistrate Judge James did not specify a commencement time, it is presumed Swartz's sentence commenced when she entered judgment on August 20, 2015. However, Rule 38(d) provides: "If the defendant appeals, the court may stay a sentence of probation. The court must set the terms of any stay." Fed. R. Crim. P. 38. Magistrate Judge James granted Swartz's request for a stay on August 26, 2015, "pending appeal to the District Court."

After Judge William H. Orrick affirmed the conviction on December 28, 2015, Swartz filed a notice of appeal to the Ninth Circuit, without requesting a further stay of his sentence. As Rule 38(d) requires a court to set the terms of a stay, and the stay granted by Magistrate Judge James was limited to Swartz's appeal to the District Court, there is no indication the stay remained in effect pending appeal to the Ninth Circuit. Accordingly, the Court finds the probation term has expired, and Swartz's motion for an order finding he fulfilled the term of probation is therefore **GRANTED**.

**B.      Fine or Community Service**

At the same time, Swartz makes clear he has not performed the required community service or paid the fine, stating he will instead accept jail time. Mot. at 3. Both Magistrate Judge James and Judge Orrick previously denied Swartz's request for jail time. *See* ECF Nos. 26, 46. And, because Magistrate Judge James determined Swartz was not entitled to counsel, any sentence to custody based on the original violation would be unconstitutional. *See, e.g., Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972) ("[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."); *United States v. First*, 731 F.3d 998, 1002 (9th Cir. 2013) ("Under well-established precedent, the Sixth Amendment right to counsel serves as a constitutional minimum in all state and federal criminal proceedings that result in a sentence of actual imprisonment or a suspended sentence of imprisonment."). Accordingly, Swartz's request for a prison sentence based on his original violation is **DENIED**.

That leaves the Court with the question of Swartz's unsatisfied fine or community service requirement. Swartz requests the Court consider the 50 hours of community service "rendered via work submitted to the court," and provides a list of six documents he has filed in his own cases.

Mot. at 2-3. Under 18 U.S.C. § 3563(b)(12), the Court may provide that a defendant "work in community service as directed by the court" as part of a sentence. However, "[s]uch sentences require that the defendant become personally involved—devoting both time and energy—in a project that serves the public interest, and thereby inculcate in the defendant a sense of social responsibility." *United States v. John Scher Presents, Inc.*, 746 F.2d 959, 963 (3rd Cir. 1984). Fulfillment of his community service obligation requires Swartz to consider others' needs, and legal filings in his own cases do not meet that requirement. Swartz's request is therefore **DENIED**.

As to the $500 fine, a person sentenced to pay a fine must make such payment immediately, unless the court provides for payment in installments. 18 U.S.C. § 3572(d). As noted above, Magistrate Judge James permitted Swartz to pay the $500 fine by making "minimum monthly payments of $50.00, until the fine is paid in full." ECF No. 26. A fine "is delinquent if a payment is more than 30 days late," 18 U.S.C. § 3572(h), and "is in default if a payment is delinquent for more than 90 days," *id.* § 3572(i). In the more than three years since Magistrate Judge James issued her order, Swartz has made no payments and he now states that "the fine will not be paid." Mot. at 3. However, the government has not sought a finding from the Court that Swartz is in default. Upon such a finding, the government could request the Court impose one of several options, including resentencing Swartz under 18 U.S.C. § 3614[1] or increasing the amount of the fine under 18 U.S.C. § 3615.[2] The government may also request the Court "take any other action necessary to obtain compliance," 18 U.S.C. § 3613A(a)(1), with the limitation that Swartz has completed his term of probation, and the Court is therefore without jurisdiction to modify the

---

[1] 18 U.S.C. § 3614 gives a court authority to "'resentence the defendant to any sentence which might have originally been imposed' if the defendant 'knowingly fails to pay a delinquent fine or restitution.'" *United States v. Morales*, 328 F.3d 1202, 1204 (9th Cir. 2003) (quoting 18 U.S.C. § 3614(a)).

[2] If Swartz "willfully fails to pay the fine," the government could request the Court fine him "not more than twice the amount of the unpaid balance of the fine or $10,000, whichever is greater." 18 U.S.C. § 3615. A violation of this statute, however, constitutes a separate criminal offense, which would require the government to initiate a second charge. *United States v. Peterson*, 2010 WL 1052336, at *2 (D. N.D. Mar. 19, 2010) ("Although this Court has not identified caselaw interpreting section 3615, it appears to define the elements of a separate criminal offense, and to contemplate initiation of a second charge, based on failure to make payments after a conviction.").

4

terms of or extend his probation period. *See United States v. Dix*, 2007 WL 1725477, at *5 (E.D. Cal. June 14, 2007) ("An attempt to modify, extend, or revoke probation must be made within the probationary term.") (citing 18 U.S.C. §§ 3563(c), 3564(d), 3565(a) and (c); *United States v. Schmidt*, 99 F.3d 315, 317-18 (9th Cir. 1996) (noting that revocation after expiration of probation term was proper where summons was issued prior to expiration)). Alternatively, the government could petition the Court to remit all or part of the fine, *see* 18 U.S.C. § 3573, or seek to enforce the judgment "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law," *id.* § 3613. As the government has not moved for any such relief, the Court declines to issue any such order at this time.

### III. CONCLUSION

Based on the analysis above, the Court **ORDERS** as follows:

1) The Court finds the probation term has expired, and Swartz's motion for an order finding he fulfilled the term of probation is therefore **GRANTED**.
2) To the extent Swartz seeks jail time in lieu of paying a fine or completing community service, the request is **DENIED**.
3) Swartz's request that the Court accept his filings in court cases as 50 hours of community service is **DENIED**.
4) If the government seeks to enforce the remaining terms of Swartz's sentence, it shall do so by noticed motion.

**IT IS SO ORDERED.**

Dated: November 27, 2018

THOMAS S. HIXSON
United States Magistrate Judge

5